WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
Nicholas G. Hood, Esq., SBN 238620
Kathryn A. Moorer, Esq., SBN 272801
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
kmoorer@wrightlegal.net; nhood@wrightlegal.net

Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN J. AUSTIN, as trustee of the Pauline Hatch Trust<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a limited liability company; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 14-cv-00970 JAM (AC)<br><br>*Hon. John A. Mendez*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*FRCP,* Rule 12(b)(6)]<br><br>Date:      July 9, 2014<br>Time:      9:30 A.M.<br>Courtroom: 6-14th Floor<br><br>[*Filed concurrently with Request for Judicial Notice*] |

-i-

NOTICE OF MOTION & MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on July 9, 2014 at 9:30 A.M., in Courtroom 6 – 14th Floor of the above-captioned Court located at 501 I Street, #4-200, Sacramento, CA 95814, Defendant OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendant"), by and through its attorneys of record, Wright, Finlay & Zak, LLP, will and hereby does move the Court, pursuant to *Federal Rules of Civil Procedure,* Rule 12(b)(6), for an order dismissing Plaintiff KRISTEN J. AUSTIN's ("Plaintiff") Complaint, and each and every claim therein. This motion is made on the grounds that Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted and/or Plaintiff's claims are either legally barred or inapplicable on their face.

The motion is based on this Notice of Motion and Motion to Dismiss, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the records on file with the Court in this action, and any additional arguments that may be presented to and received by the Court.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: May 12, 2014          By:   */s/ Kathryn A. Moorer*
T. Robert Finlay, Esq.,
Nicholas G. Hood, Esq.,
Kathryn A. Moorer, Esq.,
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, a person unrelated to the subject loan, is attempting to sue Ocwen on behalf of the deceased borrower's trust to have foreclosure notices rescinded against the Property. However, neither Plaintiff nor borrower's trust (i.e., the Pauline Hatch Trust) was ever a party to the subject loan or its modification agreement. To the contrary, deceased borrower, Pauline Hatch, in her individual capacity, was the sole party to the loan and its modification agreement. Accordingly, Plaintiff does not have standing to bring this action.

In addition, Ocwen, the mere servicer of the loan, is not legally required to rescind foreclosure notices recorded prior to the approval of a modification as Plaintiff alleges. Indeed, California Civil Code section 2924.11(d) merely prohibits Ocwen from proceeding with a foreclosure sale <u>after</u> a modification has been approved, so long as the borrower is in compliance with the terms of a permanent loan modification. Thus, Plaintiff's argument concerning rescission of foreclosure notices fails as a matter of law.

Plaintiff's breach of contract claims, which argue that Ocwen failed to rescind the pre-modification foreclosure notices, also fail. Specifically, Plaintiff does <u>not</u> identify any contractual provision or law that requires Ocwen to rescind the Notice of Default and Notice of Sale, each of which was recorded <u>prior</u> to the approval of a permanent modification. Further, it appears that Plaintiff, a non-party to the loan, improperly attempted to sign the modification agreement on behalf of the deceased borrower; however, Plaintiff fails to identify that she had any authority to do so. Instead, Plaintiff claims that she is "trustee of the Pauline Hatch Trust;" yet, the Pauline Hatch Trust is not a party to the loan or modification agreement.

Accordingly, Plaintiff's claims fail. Therefore, the Court should grant this Motion without leave to amend.

## II. FACTUAL BACKGROUND

On or about August 27, 2007, borrower Pauline Hatch, an individual ("Borrower"), borrowed $370,000.00 (the "Loan") from IndyMac Bank, F.S.B. Request for Judicial Notice ("RJN"), Exhibit "1." A recorded Deed of Trust secures repayment of the Loan with the subject real property, located at 1556 Saint Andrews Dr., Redding, California 96003 (the "Property"). *Id.* In December 2012, Borrower defaulted in payment on the Loan, resulting in the recording of a Notice of Default. Complaint, ¶ 14. A Notice of Trustee's Sale was later recorded in March 2013. *Id.* at ¶ 15.

In October 2013, the Borrower passed away. *Id.* at ¶ 19. Without knowledge of Borrower's passing, on November 7, 2013, Ocwen sent a modification agreement for the Loan to the Borrower at the Property's address. *See, Id.* at ¶ 22 and Exhibit A thereto. On November 14, 2013, Plaintiff attempted to execute the modification agreement in her name, as well as in the name of the deceased Borrower. *Id.* at ¶ 23 and Exhibit A thereto. Due to Borrower's passing, Borrower did not sign the modification agreement. *Id.*

Despite the undisputed default in payment on the Loan, the Property has not been sold by foreclosure sale.

## III. ARGUMENT

### A. The Standards Applied To A Motion To Dismiss.

Although a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief" (*FRCP* Rule 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (*Id.*), or "allegations that are merely conclusory, unwarranted

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A motion to dismiss under *Federal Rules of Civil Procedure*, Rule 12(b)(6) tests the legal sufficiency of the claims. *See Parks Sch. of Bus, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). When evaluating such a motion, "conclusory allegations of law and unwarranted inferences" are insufficient to defeat a motion to dismiss for failure to state a claim. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996); *see also Twombly*, 550 U.S. at 555. When amendment would be futile, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### B.   Plaintiff Lacks Standing to Bring this Action Because She is Not A Real Party In Interest.

"An action must be prosecuted in the name of the real party in interest." FRCP, Rule 17; *Cohen v. Smith*, 534 F. Supp. 618, 621 (D.C. Tex., 1982) ("A party lacks standing to prosecute a suit in federal court only if he is not the 'real party in interest' as that term is defined under Rule 17(a), Fed.R.Civ.P.") The term real party in interest has been defined as "the party who, by substantive law, possesses the right to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *United States v. 936.71 Acres of Land, State of Florida*, 418 F. 2d 551, 556 (5th Cir. 1969), citing, Barron and Holtzoff, *Federal Practice and Procedure* § 482 (Wright ed. 1961). Further, to satisfy Article III's standing requirements, Plaintiff must show that (1) she suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of Defendant; and (3) it is likely, as opposed to merely speculative, that the

1 injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*,
2 504 U.S. 555, 560-561 (1992).
3       Here, Plaintiff is not a real party in interest to the Complaint's claims.
4 Specifically, Plaintiff is not a party to either the Loan or its modification
5 agreement (i.e., expressly stating that the modification agreement is "between
6 PAULINE HATCH…and Ocwen"). Complaint, Exhibit "A." While Plaintiff
7 alleges that she is "the trustee of the Pauline Hatch Trust" without attaching a
8 copy of the subject trust (Complaint, ¶ 5), such an allegation is immaterial because
9 the Pauline Hatch Trust was never a party to the Loan or its modification
10 agreement. RJN, Exhibit "1;" Complaint, Exhibit "A." Regardless, Plaintiff has
11 not pled any facts to indicate that she has standing to sue on behalf of Pauline
12 Hatch, as an individual, the only named Borrower under the Loan and its
13 modification agreement. *Id.* In addition, Plaintiff has neither assumed the Loan
14 nor entered into a new Loan agreement with the lender or Ocwen. *See*, Complaint,
15 generally. Further, Plaintiff does not allege that she has any ownership interest in
16 the Property at issue; instead, Plaintiff claims she merely occupies the Property.
17 Complaint, ¶ 7.
18       Accordingly, Plaintiff is not a real party in interest to the Complaint's
19 claims and she lacks any authority to sue on behalf of the Borrower, Pauline
20 Hatch, an individual. For this reason alone, Plaintiff's Complaint fails.
21 **C.**   **Plaintiff's First Cause of Action for Violation of Civil Code Section 2924.11(d) Fails because this Code Section Does Not Require Ocwen to Rescind Foreclosure Notices Recorded Prior to Approval of a Loan Modification.**
24       Plaintiff alleges that Ocwen "was required by law [i.e., Civil Code Section
25 2924.11(d)] to record a rescission of the Notice of Default" when it offered the
26 Loan's modification agreement to the Borrower. Complaint, ¶ 31. However,
27 Plaintiff is mistaken.
28 ///

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Civil Code Section 2924.11(d) states:

> If a foreclosure prevention alternative is approved in writing after the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale under either of the following circumstances:
> (1) The borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan.
> (2) A foreclosure prevention alternative has been approved in writing by all parties, including, for example, the first lien investor, junior lienholder, and mortgage insurer, as applicable, and proof of funds or financing has been provided to the servicer.

Contrary to Plaintiff's argument, this code section does <u>not</u> require Ocwen to rescind foreclosure notices recorded <u>prior</u> to the approval of a modification. Instead, Civil Code section 2924.11(d) merely prohibits Ocwen from proceeding with a foreclosure sale <u>after</u> approval of a modification, but only if the borrower complies with the terms of a permanent loan modification. *Civil Code § 2924.11(d)(1)*. In any event, Plaintiff cannot allege that Borrower, Pauline Hatch, complied with all of the terms of the modification agreement to date because Ms. Hatch is deceased. Complaint, ¶ 19. Accordingly, Ocwen is not required by law to rescind the foreclosure notices recorded prior to the approval of a permanent loan modification.

Plaintiff also alleges that Ocwen is attempting or "desires" to foreclose on the Property pursuant to the Notice of Default and Notice of Trustee's Sale recorded in December 2012 and March 2013, respectively. Complaint, ¶¶ 14-15, 32-33 & 44. However, since more than 365 days have passed since the recording of the Notice of Trustee's Sale, a new Notice of Trustee's Sale must be recorded to proceed to sale. *Civil Code § 2924g (c)(2)*. Accordingly, Plaintiff is attempting

-5-

to manufacture a claim, even though no trustee's sale can proceed at this time. *Id.* Indeed, Plaintiff fails to allege any fact intimating that Defendant is actually attempting to proceed to sale on the previously recorded Notice of Trustee's Sale. *See*, Complaint, generally. Plaintiff's allegations are based on pure speculation, which are insufficient to state a valid claim. *In re DNAP Securities Litigation*, 2000 WL 1358619 *4 (N.D. Cal., 2000).

Thus, Plaintiff's First Cause of Action fails.

**D.   Plaintiff's Second Cause of Action for Breach of Contract Fails Because Plaintiff is Not a Party to Any Contract with Ocwen and Plaintiff's Cause of Action is Insufficiently Pled.**

To assert a cause of action for breach of contract, Plaintiff must demonstrate the following elements: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, n. 6. (2004). Moreover, "[i]n order to establish liability the plaintiff must show that the defendant's breach was a 'substantial factor' in causing the injury." *Bruckman v. Parliament Escrow Corp.*, 190 Cal. App. 3d 1051, 1063 (1987); *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1352 (2009) ("Implicit in the element of damage is that the defendant's breach caused the plaintiff's damage.")

Here, Plaintiff alleges that Ocwen breached the modification agreement because Ocwen did not rescind the foreclosure notices that were recorded prior to the effective date of the modification agreement. Complaint, ¶ 38. Plaintiff's claim fails for several reasons.

First, Plaintiff is not a party to the modification agreement. To the contrary, the modification agreement expressly states that it is "between PAULINE HATCH…and Ocwen." Complaint, Exhibit "A." Although Plaintiff attempted to sign the modification agreement on behalf of the deceased Borrower, Plaintiff fails to identify that she has any authority from Borrower to do so. Instead,

Plaintiff concludes that she is "trustee of the Pauline Hatch Trust." Complaint, ¶ 5. Yet, the Pauline Hatch Trust is not the borrower under the Loan, nor a party to the modification agreement. RJN, Exhibit "1;" Complaint, Exhibit "A." Plaintiff does not allege that she has any relationship to the Loan or modification agreement, or that she has the authority to sue on behalf of Borrower, as an individual. Accordingly, Plaintiff has no right to enforce any terms of the modification agreement.[1]

Second, <u>nothing</u> in the November 2013 modification agreement or Loan requires Ocwen to rescind the foreclosure notices recorded in December 2012 and March 2013, respectively. See, Complaint, Exhibit "A." Thus, Ocwen cannot breach a non-existent contractual term. Accordingly, Plaintiff fails to identify any breach of contract by Ocwen.

Third, Plaintiff has no damages. In fact, Plaintiff does not allege that she suffered any damages because of Ocwen's purported failure to rescind the foreclosure notices. Complaint, ¶¶ 35-38. Further, Plaintiff does not allege that she holds any ownership interest in the Property. Complaint, ¶ 7 (Plaintiff merely claims that she occupies the Property). Regardless, no foreclosure sale has occurred to date. Thus, it is entirely unclear how Plaintiff allegedly suffered damages.

For all these reasons, Plaintiff's Breach of Contract claim fails as a matter of fact and law.

///

///

---

[1] Plaintiff does not, and cannot, allege that she is a third party beneficiary of the modification agreement, since there was no clear intent that the modification agreement was made to benefit Plaintiff. See, *Luis v. Orcutt Town Water Co.*, 204 Cal. App. 2d 433, 442 (1962) (To state a claim as a third party beneficiary "...a plaintiff must plead a contract which was made expressly for his benefit and one in which it clearly appears that he was a beneficiary... The test...is whether an intent to so benefit the third person appears from the term of the agreement..." (Citations omitted.)).

-7-

E.   **Plaintiff's Third Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing Fails for the Same Reasons as Her Breach of Contract Claim.**

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco,* 225 Cal. App. 3d 38, 49 (1990). In fact, breach of the covenant of good faith and fair dealing is nothing more than a cause of action for breach of contract. *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga,* 175 Cal. App. 4th 1306, 1344 (2009). As such, the covenant of good faith and fair dealing does not impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement and it cannot contradict the express terms of a contract. *Guz v. Bechtel National, Inc.,* 24 Cal. 4th 317, 349–350 (2000); *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,* 100 Cal. App. 4th, 44, 55 (1992); *Racine & Laramie v. Department of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031-32 (1992).

Here, Plaintiff's third cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing ("GFFD") mirrors the Breach of Contract claim. Complaint, ¶¶ 35-44. As a result, Plaintiff's GFFD claim fails for all the same reasons Plaintiff's Breach of Contract claim fails, as discussed above. In sum, Plaintiff has no contractual relationship with Ocwen, the modification agreement does not require Ocwen to rescind the foreclosure notices, and Plaintiff has no damages nor does she allege that she has been damaged. Complaint, ¶¶ 39-44 and Exhibit "A" thereto. Indeed, the alleged injury is based on Plaintiff's speculation that Ocwen "desires" to proceed with foreclosure. Complaint, ¶ 44. However, speculation alone is insufficient to defeat a Motion to Dismiss. *See, In re DNAP Securities Litigation,* 2000 WL 1358619 *4 (N.D. Cal., 2000); *McGlinchy v. Shell Chemical Co.,* 845 F. 2d 802, 810 (9th Cir. 1988); *Transphase Systems, Inc., v. Southern California Edison Company,* 839 F. Supp. 711, 718 (C.D. Cal., 1993)

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

("the Court does not 'need to accept as true conclusory allegations ... or unreasonable inferences' ").

As a result of the foregoing, Plaintiff's third cause of action for GFFD fails and should be dismissed <u>without</u> leave to amend.

## IV.   CONCLUSION

Based on the above, Ocwen respectfully requests that the Honorable Court dismiss the action <u>with</u> prejudice. Since Plaintiff is unable to amend the pleading due to the fatal defects discussed above, the motion should be granted without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: May 12, 2014    By:    <u>/s/ Kathryn A. Moorer</u>
T. Robert Finlay, Esq.,
Kathryn A. Moorer, Esq.,
Nicholas G. Hood, Esq.,
Attorneys for Defendant,
OCWEN LOAN SERVICING, LLC

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case 2:14-cv-00970-JAM-AC   Document 5   Filed 05/12/14   Page 12 of 13

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On May 12, 2014, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Jeremy S. Golden, Esq.
GOLDEN & CARDONA-LOYA, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA  91910
jeremy@goldencardona.com
(619) 476-0030; fax 775-898-5471
*Attorney for Plaintiff*

[X]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand delivered to the office of the addressee.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 608-9142, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X]   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2014, at Newport Beach, California.

*Marilee V. Johnson*
Marilee V. Johnson