1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   KRISTEN J. AUSTIN, as trustee      No.   14-cv-00970 JAM-AC
     of the Pauline Hatch Trust,
12
                Plaintiff,
13                                       **ORDER GRANTING DEFENDANT'S
          v.                             MOTION TO DISMISS**
14
     OCWEN LOAN SERVICING, LLC, a
15   limited liability company;
     and DOES 1 to 10, inclusive,
16
                Defendants.
17

18        This matter is before the Court on Defendant Ocwen Loan

19   Servicing, LLC's ("Defendant") Motion to Dismiss Plaintiff's

20   complaint (Doc. #7).  Plaintiff Kristen J. Austin ("Plaintiff"),

21   trustee of the Pauline Hatch Trust, opposes the motion (Doc. #9)

22   and Defendant replied (Doc. #12).[1]  For the reasons set forth

23   below, Defendant's motion is GRANTED.

24   ///

25   ///

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for July 9, 2014.

                                     1

1          I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2          Plaintiff originally filed this action on April 21, 2014.

3    In the complaint, Plaintiff alleges three causes of action

4    against Defendant: (1) violation of the Homeowner Bill of Rights

5    ("HBOR"), California Civil Code section 2924.11(d); (2) breach

6    of the loan modification agreement; and (3) breach of the

7    implied covenant of good faith and fair dealing.  Compl. ¶¶ 29-

8    44.  On May 12, 2014, Defendant moved to dismiss Plaintiff's

9    complaint (Doc. #5) and filed a notice of errata correcting its

10   motion to dismiss on May 14, 2014 (Doc. #7).

11         On or about August 27, 2007, Plaintiff's mother, Pauline

12   Hatch ("Ms. Hatch") borrowed $370,000.00 (the "Loan") from

13   IndyMac Bank, F.S.B. ("Indymac") for a property.  See Ex. 1,

14   Def.'s Notice of Errata Request for Judicial Notice ("RJN"),

15   Doc. #6.  In 2010, Ms. Hatch transferred her interest in the

16   property into the Pauline Hatch Trust ("Trust").  Ex. 1, Pl.'s

17   RJN, Doc. #9-1.  In or about August 2012, Mrs. Hatch sought a

18   loan modification from Indymac.  Id. ¶ 11-12.

19         Indymac filed a Notice of Default and Election to Sell the

20   Property on or around December 2012 and a Notice of Sale was

21   recorded on March 2013 (collectively "Notices").  Id. ¶¶ 14, 15.

22   In or about August 2013, Indymac offered and Ms. Hatch accepted

23   a Trial Period Plan ("TPP") Agreement for modification.  Id. ¶

24   17.  Ms. Hatch complied with the TPP terms.  Id. ¶ 18.

25         In October 2013, Ms. Hatch passed away and Plaintiff became

26   the trustee of the Trust.  Id. ¶ 19.  At a time unknown, Indymac

27   transferred the Loan to Defendant.  Id. ¶ 20.  On November 7,

28   2013, Defendant sent a loan modification agreement ("Loan

1  Modification") for the Loan, which Plaintiff signed and

2  notarized then returned to Defendant on November 14, 2013.  Id.

3  ¶ 22.  On or around December 23, 2013, an authorized officer of

4  Defendant countersigned and notarized the Loan Modification and

5  sent it back to Plaintiff.  Id. ¶ 25.

6

7                        II.   OPINION

8      A.   Judicial Notice

9      Both parties request judicial notice.

10          1.   Defendant's Requests

11     Defendant requests judicial notice of the Deed of Trust

12 recorded in the Official Records of Shasta County Recorder's

13 Office on August 30, 2007 as Document No. 2007-0040158.  Ex. 1,

14 RJN, Doc. #6.  Plaintiff does not object to this request.  This

15 document is appropriate for judicial notice because it is a

16 public record and is "not subject to reasonable dispute."  Fed.

17 R. Evid. 201(b).

18     Defendant also made a supplemental request for judicial

19 notice for (1) the Voluntary Petition in the United States

20 Bankruptcy Court filed on March 30, 2012; and (2) the Notice of

21 Rescission of Declaration of Default and Demand for Sale and

22 Notice of Breach and Election to Sell under Deed of Trust

23 recorded on June 25, 2015.  Def.'s Supp. RJN, Doc. #13.

24 Plaintiff objects to Defendant's supplemental request on the

25 ground that the moving party should not be permitted to submit

26 new evidence for the first time with a reply brief (Doc. #15).

27 "It is improper for a moving party to introduce new facts or

28 different legal arguments in the reply brief than those presented

                                3

1 | in the moving papers." <u>U.S. ex rel. Giles v. Sardie</u>, 191 F.

2 | Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citation omitted).

3 | Accordingly, the Court denies Defendant's supplemental request.

4 |         2.   <u>Plaintiff's Requests</u>

5 |    Plaintiff requests judicial notice of the Trust Transfer

6 | Deed recorded on May 7, 2010.  <u>See</u> Pl.'s RJN, Doc. #9-1.

7 | Defendant does not object.  Because the document is a public

8 | record and not subject to dispute, it is appropriate for judicial

9 | notice.  Accordingly, the Court grants Plaintiff's request.

10 |     B.   <u>Discussion</u>

11 |    Defendant moves to dismiss all three of Plaintiff's claims

12 | because of lack of standing and for failure to state a claim.

13 |         1.   <u>Standing</u>

14 |    Defendant argues that Plaintiff does not have standing

15 | because she is not a real party in interest to the claims in the

16 | complaint. Plaintiff contends that this argument is without

17 | merit.

18 |    Under Federal Rule of Civil Procedure 17 ("Rule 17"), an

19 | action must be prosecuted in the name of the real party in

20 | interest.  Fed. R. Civ. P. 17.  Whether a party is the real party

21 | in interest under Rule 17 depends on the applicable state

22 | substantive law.  <u>Allstate Ins. Co. v. Hughes</u>, 358 F.3d 1089,

23 | 1094 (9th Cir. 2004).

24 |         a.   <u>HBOR</u>

25 |    Plaintiff's first claim is for violation of California Civil

26 | Code section 2924.11(d) ("Section 2924.11").  Under Section

27 | 2924.11(d), "A mortgagee, beneficiary, or authorized agent shall

28 | record a rescission of a notice of default or cancel a pending

1  trustee's sale, if applicable, upon the <u>borrower</u> executing a

2  permanent foreclosure prevention alternative."  Cal. Civ. Code

3  § 2924.11 (emphasis added).  Therefore, on its face, this

4  subsection applies to borrowers.

5       Plaintiff argues that she should be considered the

6  "borrower" in this case because she sought a modification

7  agreement for the Loan secured by Plaintiff's home, citing

8  <u>McGarvey v. JP Morgan Chase Bank, N.A.</u>, 2:13-CV-01099-KJM, 2013

9  WL 5597148, at *1 (E.D. Cal. Oct. 11, 2013).  In <u>McGarvey</u>, the

10  servicer of the loan secured by the house plaintiff inherited

11  from her mother continued to send her loan modification offers

12  even after learning the mother, who was the original borrower,

13  was deceased.  <u>Id.</u>  The servicer then rejected the loan

14  modification because plaintiff was not listed as a borrower on

15  the loan.  <u>Id.</u>  The court found that the plaintiff was treated as

16  the borrower for some purposes but not others.  <u>Id.</u>

17  Nevertheless, the court dismissed the plaintiff's promissory

18  estoppel claim because "plaintiff's alleged facts do not support

19  a claim that defendant made plaintiff, as the owner of the home

20  that secured the Loan, a clear and unambiguous promise to treat

21  her as the borrower for purposes of modifying the Loan."  <u>Id.</u> at

22  *4.

23       Contrastingly, the <u>McGarvey</u> court allowed the plaintiff's

24  Unfair Competition Law ("UCL") claim to proceed.  <u>Id.</u> at *8.  The

25  court found that the plaintiff suffered an injury because she

26  paid thousands of dollars for which she was not personally

27  liable.  <u>Id.</u>  Under the UCL, however, a plaintiff does not have

28  to be the borrower, instead "a plaintiff must have 'suffered

1  injury in fact and . . . lost money or property as a result of

2  the unfair competition.'"  Id. at *7.  Therefore, despite

3  Plaintiff's claim, the McGarvey court did not allow the plaintiff

4  to raise claims for violations of law in the mortgage loan

5  modification process because the defendant treated plaintiff as

6  the borrower for some purposes; instead, the plaintiff was

7  allowed to bring a UCL claim.

8      The facts in McGarvey are distinguishable from this case

9  because Plaintiff in this case has not alleged a UCL claim.

10  Under Section 2924.11(d), the plaintiff must be the borrower,

11  which Plaintiff is not because she was not a party to the Loan at

12  issue.  Further, Plaintiff has not alleged that she has authority

13  to sue on behalf of Pauline Hatch.  She has authority to sue on

14  behalf of the Pauline Hatch Trust, but the Trust was not a party

15  to the mortgage either.

16      Therefore, because Plaintiff is not the borrower, she is not

17  the real party in interest for her HBOR claim and this cause of

18  action is dismissed on standing grounds. The Court does not grant

19  leave to amend because the claim cannot be saved by amendment.

20                    b.    Breach of Contract Claim

21      Plaintiff's second claim is for breach of the Loan

22  Modification Agreement. Plaintiff contends that Defendant's

23  refusal to rescind the Notices of Default and Sale and cancel the

24  trustee's sale violates the terms of this agreement.  Compl. ¶

25  38.  Defendant argues that Plaintiff is not a party to any

26  contract with Defendant.

27      Generally, "[a] person who is not a party to a contract does

28  not have standing either to seek its enforcement or to bring tort

1    claims based on the contractual relationship."  Ambers v. Wells

2    Fargo Bank, N.A., 13-CV-03940 NC, 2014 WL 883752, at *4 (N.D.

3    Cal. Mar. 3, 2014).

4        In this case, Plaintiff alleges she signed her name on

5    behalf of the trust and notarized the Loan Modification then

6    mailed it back to Defendant.  Compl. 23.  Defendant argues

7    that the Loan Modification is an agreement "between PAULINE HATCH

8    . . . and Ocwen" and therefore, Plaintiff had no authority to

9    sign.  However, an authorized officer countersigned and notarized

10   the Loan Modification and sent it back to Plaintiff even though

11   neither Plaintiff nor the Trust was the borrower.  Id. ¶ 24.

12   Moreover, Plaintiff has been making payments pursuant to the

13   agreement.  Id. ¶ 25.   Based on these allegations, Defendant

14   entered into a contract with Plaintiff, as the trustee, and the

15   Court finds that Plaintiff has standing to bring a breach of

16   contract claim.  The Court addresses Defendant's substantive

17   arguments in support of its motion to dismiss this claim below.

18                    c.   Breach of Implied Covenant

19      "The prerequisite for any action for breach of the implied

20   covenant of good faith and fair dealing is the existence of a

21   contractual relationship between the parties, since the covenant

22   is an implied term in the contract."  Smith v. City & Cnty. of

23   San Francisco, 225 Cal.App.3d 38, 49 (1990).  Since the Court

24   finds that there is a contractual relationship between Defendant

25   and Plaintiff, Plaintiff has standing to bring her breach of

26   implied covenant of good faith and fair dealing.

27            2.   Failure to State a Claim

28        Defendant argues that even if Plaintiff has standing, she

                                 7

1  has failed to state viable breach of contract and breach of the

2  implied covenant of good faith and fair dealing claims.

3              a.   Breach of Contract

4       To state a claim for breach of contract, Plaintiff must

5  allege "(1) [a] contract, (2) plaintiff's performance or excuse

6  for nonperformance, (3) defendant's breach, and (4) the resulting

7  damages to plaintiff."  Armstrong Petroleum Corp. v. Tri-Valley

8  Oil & Gas Co., 116 Cal.App.4th 1375, 1391 (2004).

9       Plaintiff claims that Defendant breached the contract by

10 failing to rescind the Notices.  Defendant argues that there is

11 no breach because the Loan Modification does not require

12 Defendant to rescind them.  Plaintiff does not address this

13 argument and in the absence of any opposition the Court finds

14 that because Defendant was not required to rescind the Notices

15 pursuant to the Loan Modification, its failure to do so is not a

16 breach.

17      Accordingly, the Court dismisses Plaintiff's breach of

18 contract claim.  Moreover, since Plaintiff cannot state a breach

19 of contract claim as a matter of law, leave to amend is denied.

20             b.   Breach of Implied Covenant

21      Plaintiff alleges Defendant breached the implied covenant of

22 good faith and fair dealing because of Defendant's "desire" to

23 proceed with foreclosure.  Compl. ¶ 44.

24      Every contract "imposes upon each party a duty of good faith

25 and fair dealing in its performance and its enforcement."

26 Fortaleza v. PNC Fin. Servs. Grp., Inc., 642 F. Supp. 2d 1012,

27 1021-22 (N.D. Cal. 2009) (citing McClain v. Octagon Plaza, LLC,

28 159 Cal.App.4th 784, 798 (2008)).  "To establish a breach of an

1   implied covenant of good faith and fair dealing, a plaintiff must

2   establish the existence of a contractual obligation, along with

3   conduct that frustrates the other party's rights to benefit from

4   the contract."  Id. (citations omitted).

5        Plaintiff has not alleged any specific conduct that

6   frustrates her rights to benefit from the Loan Modification.  She

7   has only alleged that Defendant has a "desire" to foreclose but

8   has not alleged any actions.  Moreover, as Defendant points out,

9   more than 365 days have passed since the notice of sale was

10  recorded; therefore, Defendant would have to record a new notice.

11  See Cal. Civ. Code § 2924g ("In the event that the sale

12  proceedings are postponed for a period or periods totaling more

13  than 365 days, the scheduling of any further sale proceedings

14  shall be preceded by giving a new notice of sale in the manner

15  prescribed in Section 2924f.")

16       The Court finds, therefore, that Plaintiff has failed to

17  state a claim and dismisses her cause of action for breach of the

18  implied covenant of good faith and fair dealing.  Because

19  Defendant must file a new notice of sale before acting, granting

20  leave to amend at this time would be futile.

21

22                        III.   ORDER

23      For the reasons set forth above, the Court GRANTS

24  Defendant's Motion to Dismiss WITHOUT LEAVE TO AMEND.

25       IT IS SO ORDERED.

26  Dated: July 31, 2014

27  _____
    JOHN A. MENDEZ,
28  UNITED STATES DISTRICT JUDGE

9